**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Irapour; Roger Velez; Steve Wargocki,<br><br>  Plaintiffs,<br><br>vs.<br><br>Steven H. Bradford; Paul J. Diorio; Robert A. Frear; Mark W. King; Douglas L. Mowery; John A. Stephan,<br><br>  Defendants. | No. CV-08-1728-PHX-NVW<br><br>**ORDER** |

Plaintiff pilots (the "West Pilots") filed this class action in the Arizona Superior Court, Maricopa County, against a defendant class of other pilots (the "East Pilots"), claiming that the East Pilots, acting through their collective bargaining representatives, breached express and implied contracts. The court has already detailed the transactional history giving rise to these allegations in a related case. *See* Order, *Addington v. US Airways*, No. CV-08-1633-PHX-NVW (Nov. 20, 2008) (Doc. # 84). Defendants removed this action to this court, and Plaintiffs have moved to remand to state court. (Doc. # 9). The Motion to Remand will be denied.

Removal was proper in this case because the West Pilots' state court complaint could have been filed in federal court. *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiffs' complaint alleged a breach of the Transition Agreement, which modifies the collective bargaining rights of the parties. This suit alleging that unions and their members breached this agreement depends upon interpretation of the Agreement and implicitly falls within the fair representation provisions of the Railway Labor Act. 45 U.S.C. §§ 151–152. It is thus preempted, and jurisdiction is proper under 28 U.S.C. § 1441. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994) ("[W]here the resolution of a state-law claim depends on an interpretation of the [collective bargaining agreement], the claim is pre-empted."); *cf. Harper v. San Diego Transit Corp.*, 764 F.2d 663, 666-67 (9th Cir. 1985) (duty of fair representation preempts state law claims).

It is not necessary to consider now, and it is not here decided, whether the West Pilots' Amended Complaint (Doc. # 8), which attempts to strip out all federal claims, is federally preempted so as to arise under federal law. Jurisdiction under 28 U.S.C. § 1441 depends solely on the complaint filed in state court, irrespective of post-removal amendments. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). If the amended complaint raises claims that are not preempted, this court exercises its discretion to retain jurisdiction under the factors listed in 28 U.S.C. § 1367(c). The issues and the parties in this case fall squarely within the case or controversy of *Addington v. US Airways*, and judicial economy favors resolution of both cases together. Indeed, it appears difficult or even impossible to decide *Addington v. US Airways* without resolving the substantive issues posed by this case. If this case did arise only under state law such that it could be remanded, it still

would be an entire waste of state judicial resources to laden another judge with the burden this court is carrying and will carry in *Addington v. US Airways*. Viewing the two cases together and assuming this case now raises only state law claims, those claims do not "predominate[] over the claim or claims over which the district court has original jurisdiction" in *Addington v. US Airways*. Moreover, there are no other "compelling reasons for declining" jurisdiction. *Id.* § 1367(c)(2), (4). At this time, the court will defer the question whether to formally consolidate this case with *Addington v. U.S. Airways* or to adjudicate them simultaneously and in tandem.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (doc. # 9) is denied.

DATED this 21st day of November, 2008.

_____
Neil V. Wake
United States District Judge