1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Don Addington; John Bostic; Mark Burman; Afshin Irapour; Roger Velez; Steve Wargocki,<br><br>   Plaintiffs,<br><br>vs.<br><br>Steven H. Bradford; Paul J. Diorio; Robert A. Frear; Mark W. King; Douglas L. Mowery; John A. Stephan,<br><br>   Defendants. | No. CV-08-1728-PHX-NVW<br><br>**ORDER** |

  Plaintiff pilots ("West Pilots") brought this class action in state court against a defendant class of other pilots ("East Pilots") alleging breach of express and implied contracts. The defendants removed the case to this court. Before the court is Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), (2), (3), (6) and (7). Because of the urgency of this and related litigation, the court will rule now on portions of the Motion which need no response and will direct an accelerated response and reply on the remainder of the Motion.

  This complaint relates to an alleged breach of a collective bargaining agreement. The circumstances of the transaction, the alleged harm, and the course of conduct complained of are essentially the same facts that were pled in *Addington v. US Airways*. A prior order of this court summarized those allegations and they need not be restated here. *See* Order,

*Addington v. US Airways*, No. CV-08-1633-PHX-NVW (Nov. 20, 2008) (Doc. # 84). The instant case is distinguished only in that the plaintiffs raise state law claims, sue as representatives of a class, and name a class of individual union members (rather than the union itself) as defendants.

The following accelerated briefing schedule will be ordered. Plaintiffs shall file by December 5, 2008, a response to the portions of the Motion that are not disposed of by this order. Defendants may file a reply by December 12, 2008, at 5:00 p.m. The motion will be set for oral argument on December 15, 2008, at 4:00 p.m. Of course, the parties should not brief again matters upon which the court has already ruled in *Addington v. US Airways*, No. CV-08-1633-PHX-NVW (Nov. 20, 2008) (Doc. # 84).

**I.     Rule 12(b)(3): Venue**

Venue is proper because this case was removed to the "district and division embracing" the place where the state law claim was pending. 28 U.S.C. § 1441(a). The East Pilots waived any objection they may have had to venue when they voluntarily removed the action to federal court. *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 275-76 (1922). Thus, the East Pilots' challenge to venue will be denied.

**II.   Rule 12(b)(7): Failure to Join a Party Required by Rule 19**

The East Pilots suggest that the action must be dismissed for failure to join the West Pilots' former union, the Air Line Pilots Association ("ALPA"). There is no dispute that ALPA played a role in negotiating the Transition Agreement and bringing about the proceedings that resulted in the Nicolau Award. Nonetheless, Rule 19 does not require joinder in this case. The East Pilots have made no showing that in ALPA's absence, complete relief cannot be accorded among the existing parties, according to whatever particular liability or performance is owed. Fed. R. Civ. P. 19(a). ALPA claims no protectable interest relating to the subject matter of this action. Fed R. Civ. P. 19(b).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (doc. # 16) is denied as to the defenses of improper venue and failure to join an indispensable party.

1    IT IS FURTHER ORDERED that Plaintiffs file by December 5, 2008, a response to the remaining portions of the Motion. Defendants may file a reply by December 12, 2008, at 5:00 p.m. The Motion is set for oral argument on December 15, 2008, at 4:00 p.m.

   IT IS FURTHER ORDERED that Defendants file an Answer to the Amended Complaint by December 12, 2008.

   DATED this 21st day of November, 2008.

_____
Neil V. Wake
United States District Judge